**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Lynch, #244917, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2024-000800

———————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Unpublished Opinion No. 2026-UP-398
Submitted July 1, 2026 – Filed August 5, 2026

———————

**AFFIRMED**

———————

James Lynch, pro se.

Christina Catoe Bigelow, of Columbia, for Respondent.

———————

**PER CURIAM:** James Lynch, pro se, appeals the Administrative Law Court's (ALC's) orders granting the South Carolina Department of Corrections's (SCDC's) motions to dismiss Lynch's appeal of his disciplinary convictions for sexual assault and hostage taking. Lynch argues (1) his disciplinary hearings were held two years and four months after being formally charged in violation of SCDC policy, (2) Lynch's accuser did not write an incident report in violation of SCDC policy, and

(3) he was deprived of a fair hearing due to SCDC's policy violations.  We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err by summarily dismissing Lynch's appeals because Lynch's claims did not implicate a state-created liberty interest such that they invoked the procedural protections of the Due Process Clause.  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2025) ("The court of appeals may . . . reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *id.* ("The review of the administrative law [court]'s order must be confined to the record."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); *Torrence v. S.C. Dep't of Corr.*, 433 S.C. 633, 642-43, 861 S.E.2d 36, 41 (Ct. App. 2021) ("However, when the issue on review raises a question of law, this court 'may reverse the decision of the ALC where it is in violation of a statutory provision or it is affected by an error of law.'" (quoting *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014))); *Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("Admittedly, prisoners do not shed all constitutional rights at the prison gate, but '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" (citation omitted) (quoting *Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 125 (1977))); *Skipper v. S.C. Dep't of Corr.*, 370 S.C. 267, 274, 633 S.E.2d 910, 914 (Ct. App. 2006) ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions." (quoting *Al-Shabazz v. State*, 338 S.C. 354, 382, 527 S.E.2d 742, 757 (2000))); *id.* ("[A]n inmate's complaint must encompass an infringement of a liberty interest that imposes an atypical and significant hardship on the inmate to trigger due process guarantees and judicial review."); *Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 171, 886 S.E.2d 671, 674 (2023) ("[T]he ALC is not required to hold a hearing in every matter and may summarily dismiss an inmate's grievance if it does not implicate a state-created liberty or property interest sufficient to trigger procedural due process guarantees."); *Slezak v. S.C. Dep't of*

*Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest.").

SCDC's delay in conducting Lynch's disciplinary hearing and failure to require the observing employee to write the incident report did not impose an "atypical or significant hardship" on Lynch "in relation to the ordinary incidents of prison life." *See Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 442, 586 S.E.2d 124, 126 (2003) ("[S]tates may create liberty interests which are protected by the Due Process Clause, but . . . 'these interests will be generally limited to freedom from restraint which . . . imposes *atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life*.'" (third alteration in original) (quoting *Sandin*, 515 U.S. at 484)), *abrogated on other grounds by Allen*, 439 S.C. at 169, 886 S.E.2d at 673; *Skipper*, 370 S.C. at 274, 633 S.E.2d at 914 ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions." (quoting *Al-Shabazz*, 338 S.C. at 382, 527 S.E.2d at 757)); *id.* ("[A]n inmate's complaint must encompass an infringement of a liberty interest that imposes an atypical and significant hardship on the inmate to trigger due process guarantees and judicial review."). Moreover, the loss of the opportunity to earn sentence-related credits does not implicate a state-created liberty interest. *See Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 630, 733 S.E.2d 211, 218 (2012) ("[T]he ALC may summarily dismiss an inmate appeal that involves *only* the loss of the opportunity to earn sentence-related credits. However, a matter is reviewable by the ALC where an inmate's appeal *also* implicates a state-created liberty or property interest, such as the loss of accrued sentence-related credits.").

Further, Lynch's argument that his continued incarceration in the SCDC supermax unit beyond his sentence of time served constitutes an atypical and significant hardship is not preserved for appellate review because it was neither raised to nor ruled upon by the ALC. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC] to be preserved for appellate review."); *see also I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.